TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00734-CV






John Rady, Appellant


v.


CitiMortgage, Inc., Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. C-1-CV-11-010098, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 In this forcible-detainer action, John Rady, as assignee in interest of Illiyana Gibson
and an occupant of the property at issue, appeals from the trial court's judgment of possession in
favor of appellee CitiMortgage, Inc. On January 30, 2012, CitiMortgage filed a motion to dismiss
Rady's appeal as moot, stating that Rady failed to file a supersedeas bond, a writ of possession was
issued, and CitiMortgage took possession of the subject property on January 9, 2012. See Tex. Prop.
Code Ann. § 24.007 (West Supp. 2011). 

 "The only issue in an action for forcible detainer is the right to actual possession
of the premises, and the merits of title shall not be adjudicated." Wilhelm v. Fannie Mae,
349 S.W.3d 766, 768 (Tex. App.--Houston [14th Dist.] 2011, no pet.) (citing Tex. R. Civ. P. 746;
Marshall v. Housing Auth. of City of San Antonio, 198 S.W.3d 782, 785 (Tex. 2006)). Although the
failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal
when the defendant is no longer in possession of the premises, an appeal from the judgment in that
case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual
possession." Marshall, 198 S.W.3d at 787; Wilhelm, 349 S.W.3d at 768.

 On February 8, 2012, the clerk of this Court requested a response from Rady by
February 17, 2012, to CitiMortgage's motion to dismiss Rady's appeal as moot because
CitiMortgage had possession of the subject property. Rady has not filed a response and, therefore,
has failed to assert a potentially meritorious claim of right to current, actual possession. See
Marshall, 198 S.W.3d at 787; Wilhelm, 349 S.W.3d at 768. Accordingly, we grant the motion and
dismiss the appeal as moot.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed as Moot

Filed: March 9, 2012